**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ST. GEORGE HOTEL ASSOCIATES, LLC and HENRY CLARK ASSOCIATES, LLC<br><br>         Plaintiffs,<br>v.<br><br>AFFILIATED FM INSURANCE COMPANY<br><br>         Defendant. | Civil Action No.: 1:20-cv-05097-EK-RLM<br><br>**AMENDED ANSWER OF DEFENDANT AFFILIATED FM INSURANCE COMPANY TO THE SECOND AMENDED COMPLAINT OF PLAINTIFFS, ST. GEORGE HOTEL ASSOCIATES, LLC AND HENRY CLARK ASSOCIATES, LLC** |

Defendant, Affiliated FM Insurance Company ("Affiliated FM"), by and through its counsel, Finazzo, Cossolini, O'Leary, Meola & Hager, LLC, responds as follows to the allegations set forth in the Second Amended Complaint of Plaintiffs, St. George Hotel Associates, LLC and Henry Clark Associates, LLC (collectively referred to as "Plaintiffs"). To the extent not specifically admitted herein, all of the allegations of the Second Amended Complaint are denied.

## INTRODUCTION

1. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

1

5. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, except admits that it issued Policy No. SS568 (the "Policy") to Plaintiffs. Affiliated FM refers the Court to the Policy for all its terms, conditions, limitations, and exclusions.

6. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, except admits that it issued the Policy to Plaintiffs and the Policy has an inception date of January 14, 2020. Affiliated FM refers the Court to the Policy for all its terms, conditions, limitations, and exclusions.

7. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, except admits that the City of New York and the State of New York issued certain orders in connection with the COVID-19 pandemic. Affiliated FM refers the Court to the orders for their content.

9. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Affiliated FM denies the allegations in Paragraph 11.

**JURISDICTION AND PARTIES**

12. Paragraph 12 contains a description of Plaintiffs' legal theories and the relief they seek rather than allegations of fact to which a response is required. To the extent that Paragraph 12 may be deemed to contain any allegations of fact, Affiliated FM denies those allegations.

13. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Affiliated FM admits the allegations in Paragraph 16.

17. Affiliated FM admits that venue is proper.

18. Affiliated denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except denies that Affiliated FM breached its contract with Plaintiffs.

## THE NOVEL CORONAVIRUS AND ITS EFFECTS

19. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that a pandemic related to COVID-19 has occurred.

20. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except admits that the Center for Disease Control made various recommendations with respect to COVID-19.

30. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, except admits that The City of New York and State of New York have issued orders related to COVID-19.

36. Affiliated FM denies the allegations in Paragraph 36.

37. Affiliated FM denies the allegations in Paragraph 37, except admits that New York Governor Cuomo issued Executive Order 202.4 and that Paragraph 37 quotes portions of that order. Affiliated FM refers the Court to Executive Order 2020.4 for its full contents.

## FACTUAL BACKGROUND

38. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

## PLAINTIFFS' INSURANCE POLICY AND CLAIM

47. Paragraph 47 contains a description of Plaintiffs' legal theories and arguments rather than allegations of fact to which a response is required. To the extent that Paragraph 47 may be deemed to contain any allegations of fact, Affiliated FM denies those allegations.

48. Affiliated FM admits the allegations in Paragraph 48.

49. Affiliated FM denies the allegations in Paragraph 49, except admits that subject to its terms, conditions, limitations and exclusions, the Policy provides coverage for "all risks of physical loss or damage" to insured property and for Business Interruption loss, as provided in the Business Interruption Coverage, as a direct result of physical loss or damage of the type insured. Affiliated FM refers the Court to the Policy for all of its terms, condition, exclusions, and limitations.

50. Affiliated FM admits the allegations in Paragraph 50.

51. Affiliated FM admits the allegations in Paragraph 51.

52. Affiliated FM denies the allegations in Paragraph 52, except it admits that subject to its terms, conditions, exclusions and limitations, the Policy provides coverage for "all risks of physical loss or damage" to insured property and for Business Interruption Loss, as provided in the Business Interruption Coverage, as a direct result of physical loss or damage of the type insured and that the coverage is subject to a total limit of liability of $139,858,999 and the respective sub-

limits of liability shown in the Policy. Affiliated FM refers the Court to the Policy for all of its terms, conditions, exclusions and limitations.

53. Affiliated FM admits that Paragraph 53 quotes selective, incomplete portions of the Policy. Affiliated FM refers the Court to the Policy for the complete wording of the cited provisions and the other terms of the Policy.

54. Affiliated FM admits that the Policy contains a section entitled "Business Interruption Coverage Extensions" and that Paragraph 54 quotes incomplete portions of the Policy terms appearing that section. Affiliated FM refers the Court to the complete wording of the provisions and other terms of the Policy.

55. Affiliated FM denies the allegations in Paragraph 55.

56. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 56.

57. Affiliated FM denies the allegations in Paragraph 57.

58. Affiliated FM admits the allegations in Paragraph 58.

59. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 59.

60. Affiliated FM denies the allegations in Paragraph 60.

61. Affiliated FM denies the allegations in Paragraph 61.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT**
(Breach of Contract)

62. Affiliated FM repeats and incorporates its responses to the allegations in Paragraphs 1-61 as if set forth at length herein.

63. Affiliated FM admits the allegations in Paragraph 63.

64. Affiliated FM denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 64.

65. Affiliated FM denies the allegations in Paragraph 65, except admits that it has made no payment to Plaintiffs with respect to their claim.

66. Affiliated FM denies the allegations in Paragraph 66.

## AFFIRMATIVE DEFENSES

Affiliated FM asserts the following affirmative defenses. Each defense is asserted as to all claims against Affiliated FM. By asserting the following defenses, Affiliated FM does not concede or admit that it has the burden of proof or persuasion on any such defense. Affiliated FM specifically reserves and does not waive any and all additional, separate, or other affirmative defenses that it may have, or which may be revealed by further investigation in this matter.

As separate and distinct affirmative defenses, Affiliated FM states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Policy because Plaintiffs did not suffer physical loss or damage to insured property.

## THIRD AFFIRMATIVE DEFENSE

The Policy provides in part: "This Policy excludes: 8. **Contamination**, and any cost due to **contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If **contamination** due only to the actual not suspected presence of **contaminant(s)** directly results from other physical damage not excluded by this Policy, then only physical damage caused by such **contamination** may be insured."

The Policy defines "contaminant" as: "anything that causes contamination."

The Policy defines "contamination" as: "any condition of property due to the actual or suspected presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold, or mildew."

The novel coronavirus is a virus, a pathogen or pathogenic agent, and a disease causing or illness causing agent and, as such, it is a "contaminant" within the meaning of the Policy, and any condition of property due to the actual or suspected presence of the novel coronavirus constitutes "contamination" within the meaning of the Policy.

Plaintiffs' claim is barred because Plaintiffs' alleged loss or losses are caused by or resulted from contamination related to the novel coronavirus or costs due to contamination related to the novel coronavirus, including the inability to use or occupy property or the cost of making property safe or suitable for use or occupancy.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs alleged loss of Gross Earnings, Gross Profits, Extra Expense, and/or Rental Income is not covered under the Policy because, among other things, the alleged loss or losses did not result directly from physical loss or damage of the type insured under the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

There is no coverage for Plaintiffs' claim under the Extended Period of Liability provision of the Policy because Plaintiffs alleged losses are not covered under either the Gross Earnings or Rental Income provisions of the Policy.

**SIXTH AFFIRMATIVE DEFENSE**

There is no coverage for Plaintiffs' claim under the Civil or Military Authority provision of the Policy because, among other things, access to Plaintiffs' locations was not prohibited, and Plaintiffs' alleged losses did not directly result from physical loss or damage of the type insured.

**SEVENTH AFFIRMATIVE DEFENSE**

There is no coverage under the Attraction Property provision of the Policy because Plaintiffs' alleged loss did not directly result from physical loss or damage of the type insured to property of the type insured that attracts business to a described location and is within one mile of such location.

**EIGHTH AFFIRMATIVE DEFENSE**

There is no coverage for Plaintiffs' claim under the Ingress/Egress provision of the Policy because Plaintiffs' alleged loss was not due to the necessary interruption of their business when ingress to or egress from a described location was physically prevented, either partially or totally by physical loss or damage of the type insured.

**NINTH AFFIRMATIVE DEFENSE**

There is no coverage for Plaintiffs' claim under the Communicable Disease-Business Interruption provision of the Policy because, among other things, Plaintiffs cannot show that a location owned, rented or leased by them had the actual, not suspected, presence of a communicable disease and that access to the location was limited, restricted or prohibited by either an order of an authorized agency regulating the presence of communicable disease or the decision of an Officer of Plaintiffs as a result of such presence of communicable disease.

## TENTH AFFIRMATIVE DEFENSE

The Policy excludes "indirect or remote loss or damage." The Complaint is barred to the extent it seeks a recovery for indirect loss or damage.

## ELEVENTH AFFIRMATIVE DEFENSE

The Policy excludes "interruption of business, except to the extent provided by the Policy." There is no coverage for any alleged interruption of Plaintiffs' business.

## TWELFTH AFFIRMATIVE DEFENSE

The Policy excludes "loss of market or loss of use." The Complaint is barred to the extent that it seeks a recovery for loss of market or loss of use.

## THIRTEENTH AFFIRMATIVE DEFENSE

Consequential damages are unavailable because the Policy does not specifically provide for such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Affiliated FM hereby incorporates all of the provisions, exclusions, definitions, and conditions contained within the Policy under which Plaintiffs purport to sue. The claims asserted are barred, in whole or in part, by the express terms, conditions, and requirements of the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Policy states, in part: "No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless: 1) the Insured has fully complied with all the provisions of this Policy . . . ."

The Complaint is barred, in whole or in part, if Plaintiffs have failed to comply with the Requirements in the Case of Loss provision in the Policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs can establish coverage for any portion of the claim under the Communicable Disease - Business Interruption provision of the Policy, which Affiliated FM denies, such coverage is subject to an annual aggregate sub-limit of $100,000.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs can establish coverage for any portion of the claim under the Attraction Property provision of the Policy, which Affiliated FM denies, such coverage is subject to the $100,000 sub-limit of liability contained in the Policy.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs can establish coverage for any portion of the claim under the Civil or Military Authority provision of the Policy, which Affiliated FM denies, such coverage is subject to the thirty (30) day sub-limit of liability contained in the Policy.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs can establish coverage for any portion of the claim under the Ingress/Egress provision of the Policy, which Affiliated FM denies, such coverage is subject to the $500,000 sub-limit of liability contained in the Policy.

**WHEREFORE**, Defendant Affiliated FM Insurance Company demands judgment by this Honorable Court as follows:

(a) Dismissing the Complaint against Affiliated FM with prejudice;

(b) Awarding Affiliated FM its costs and disbursements; and

(c) Granting Affiliated FM such other and further relief as this Court deems just and proper.

Dated: March 1, 2021

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By: */s/ Robert F. Cossolini*
　　ROBERT F. COSSOLINI, ESQ.
　　5 Penn Plaza, 23rd Floor
　　New York, N.Y. 10001
　　(646) 378-2033
　　　　- and -
　　67 East Park Place, Suite 901
　　Morristown, New Jersey 07960
　　(973) 343-4960
　　robert.cossolini@finazzolaw.com
　　*Attorneys for Defendant*
　　*Affiliated FM Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2021, I caused a true and complete copy of Defendant Affiliated FM Insurance Company's Amended Answer to Plaintiffs' Second Amended Complaint, and this Certificate of Service, to be electronically filed with the Clerk of the Court, United States District Court for the Eastern District of New York and that a copy of the same was served via ECF upon the following:

**Joshua L. Mallin, Esq.**
**Dennis D'Antonio, Esq.**
Weg and Myers, P.C.
Federal Plaza
52 Duane Street, 2nd Floor
New York, New York 10007
(212) 227-4210
*Attorneys for Plaintiff*

                                                      */s/ Robert F. Cossolini*
                                                      ROBERT F. COSSOLINI, ESQ.